**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **UNITED FIRE & CASUALTY CO.,** | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      vs. | )   CAUSE NO.  1:08-cv-1649-WTL-JMS |
| | ) |
| **CHAD RUNK, et al.,** | ) |
| | ) |
|    Defendants. | ) |

**ENTRY ON MOTION TO REMAND**

     This cause is before the Court on a motion filed by Defendants Chad Runk, Melissa J. Runk, Shyann W. Runk, and Coleton Runk (collectively "the Runks") entitled Motion to Remand, or in the Alternative, to Remand the Plaintiff's [sic] Counterclaim and to Stay United Fire's Declaratory Judgment Action.  The motion is fully briefed, and the Court, being duly advised, **DENIES** the relief requested in the motion but **GRANTS** the relief requested in the Runks' reply brief for the reasons set forth below.

     On February 15, 2008, the Runks filed suit against Bruce A. Pembor, Jr., and Osprey Group, Inc., in White Circuit Court ("White County case") alleging that they were injured in a motor vehicle accident in May 2007 in which Pembor rear-ended their vehicle.  On December 9, 2008, Plaintiff United Fire & Casualty Company ("United Fire") filed this suit seeking declaratory judgment that a commercial general liability policy of insurance it issued to Osprey Group, Inc. ("the Policy") provides no coverage for the accident at issue because of certain exclusions in the Policy, and therefore United Fire has no duty under the Policy to defend in the White County case or to pay any judgment which might be entered in that case.  The Runks have asserted a counterclaim in their amended answer in this case in which  they assert that United

Fire violated state and federal financial responsibility laws by failing to provide the minimum amount of coverage required by those laws in the Policy.

In the instant motion, the Runks ask this Court to "remand" this case, or at least their counterclaim, to the White Circuit Court. It is both literally and legally impossible to grant the Runks the relief they seek. "To remand" means to send back; therefore, a case can only be "remanded" to a court if it was removed from that court to begin with. This case, including the Runks' counterclaim, was originally filed in this court and therefore it cannot be "remanded" anywhere. The fact that the Runks have a related case pending in White Circuit Court is irrelevant; indeed, it would be irrelevant even if the state court case were identical to this case in all respects.[1] The fact is that *this case* originated in *this court* and therefore it is not subject to being remanded.

In spite of the fact that United Fire aptly explains the meaning of the term "remand" in its response brief, the Runks curiously persist in seeking remand in their reply brief. However, it appears that in their reply brief they also seek alternative relief–staying this case in its entirety–that is within this Court's power.[2] Therefore, the Court will consider whether this alternative relief is appropriate.

The propriety of staying this case pending the outcome of the White County case was addressed by United Fire in its response to the instant motion. United Fire argues that such a

---

[1] Indeed, that may, in fact, now be the case, inasmuch as the Runks recently have filed a notice in this Court indicating that they have filed a declaratory judgment action against United Fire in state court.

[2] The Runks sought alternative relief in their initial motion as well; however, that alternative also was not viable, inasmuch as it was to stay United Fire's claim while "remanding" the Runks' counterclaim.

stay would not be appropriate under the abstention doctrine established by *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), and its progeny because the Runks cannot demonstrate the "exceptional circumstances" that must be present to justify abstention. This, too, is a curious argument because, as the Runks aptly point out in their briefs, the exceptional circumstances standard is inapplicable in this, a suit under the Declaratory Judgment Act. Rather, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *see also Sverdrup Corp. v. Edwardsville Community Unit School Dist. No. 7*, 125 F.3d 546, 551 (7th Cir. 1997) (citing *Wilton* for the proposition that "the discretionary standard of *Brillhart* and not the 'exceptional circumstances' standard of *Colorado River* applies to a district court's decision to stay a declaratory judgment action").

> Although *Brillhart* did not set out an exclusive list of factors governing the district court's exercise of this discretion, it did provide some useful guidance in that regard. The Court indicated, for example, that in deciding whether to enter a stay, a district court should examine "the scope of the pending state court proceeding and the nature of defenses open there." This inquiry, in turn, entails consideration of "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Other cases, the Court noted, might shed light on additional factors governing a district court's decision to stay or to dismiss a declaratory judgment action at the outset. But *Brillhart* indicated that, at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in "gratuitous interference" if it permitted the federal declaratory action to proceed.

*Wilton*, 515 U.S. at 282-83 (internal citations omitted).

In this case, there is no question that if the Runks wish to have the issues raised in their counterclaim resolved by the state court rather than this Court, that is their prerogative. Indeed,

it is unclear to the Court why the Runks did not simply seek voluntary dismissal of their counterclaim without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). They have not sought dismissal, though, but a stay, and the Court will grant that request.

With regard to United Fire's claim for declaratory judgment, the Court finds that it is also appropriate to stay resolution of that claim pending resolution of the state court actions between the parties. It appears to the Court that all of the claims between the parties can be resolved in the state suits, and it also appears that it would be a better use of judicial resources to permit them all to be resolved in one court. This is especially true in light of the negligence claims raised in the state court litigation involving the insurance agent that procured the Policy. While United Fire disputes the validity of that claim under Indiana law, it is nonetheless possible that the state court's resolution of that claim will have an impact on the issues pending in this court. Accordingly, the Court determines that it is appropriate to stay this case in its entirety until the state court litigation has been resolved.

This case is hereby **STAYED** and the Clerk shall administratively close it. If upon the conclusion of the state court litigation any party believes that issues remain to be resolved by this Court, that party shall promptly move to reopen this case.

SO ORDERED:   06/25/2009

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification